WILLIAM LEIGH PERSONIUS, Petitioner, v. THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Douglas, Dept. No. 1 and the HONORABLE JUDGE HOWARD D. McKIBBEN, Respondent.

No. 14506

April 29, 1983                                          661 P.2d 1307

*John W. Aebi,* Carson City, for Petitioner.

*Brent T. Kolvet,* District Attorney, and *Michael P. Gibbons,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Petitioner seeks a writ of mandamus, or alternatively, a writ of prohibition, to order the respondent court to hold a hearing on petitioner's suitability for civil commitment in a drug or

alcohol rehabilitation program. For the reasons specified below, we deny the petition.

In August, 1982, petitioner pleaded guilty to conspiracy to possess stolen property and conspiracy to possess a controlled substance, marijuana. At the time petitioner entered his guilty pleas, he announced his intention to elect civil commitment to a treatment program for alcoholics or drug addicts under Chapter 458, Nevada Revised Statutes.

At a hearing held by the district court in November, 1982, to determine petitioner's eligibility to elect civil commitment, evidence was adduced that in December, 1978, petitioner had pleaded *nolo contendere* in Reno Municipal Court to the crime of battery. A document from the municipal court indicated that at the time petitioner entered his plea, he was apprised of his constitutional rights and the charges against him. Petitioner nevertheless argued that this prior battery conviction had been unconstitutionally obtained in that he was not fully and fairly informed of his constitutional rights at the time the plea was entered. Petitioner thus concluded that the municipal court conviction could not be considered in determining petitioner's eligibility for civil commitment on the theory that a finding of ineligibility based on the conviction would result in an enhanced sentence.[1] Rejecting petitioner's argument, the district court found petitioner ineligible for civil commitment and denied petitioner's motion. This petition followed.

We reject petitioner's premise that a jail term constitutes an enhanced penalty since it is less palatable than civil commitment for drug addiction or alcoholism. The rehabilitation program is simply an alternative to jail. While the treatment a prisoner receives in jail differs from that which he would receive in a civil commitment program, his liberty is nonetheless restricted in either environment. In neither case is the prisoner pardoned for his criminal conduct, nor is his sentence enhanced or depreciated. We see no constitutional problem in committing a criminal offender with a history of violent crime to jail while committing another criminal offender who qualifies for civil commitment to a drug or alcohol rehabilitation program, if the procedures outlined in NRS 458.300-458.330, are followed. *See* Murphy v. State, 352 N.E.2d. 479 (Ind. 1976).

---

[1]NRS 458.300, which sets forth guidelines for consideration of eligibility for civil commitment, provides, in pertinent part, as follows:

Subject to the provisions of NRS 458.290 to 458.350, inclusive, an alcoholic or a drug addict who has been convicted of a crime is eligible to elect treatment under the supervision of a state-approved alcohol or drug treatment facility before he is sentenced unless . . . (4) the alcoholic or drug addict has a record of one or more convictions of a crime of violence . . . .

Because a denial of eligibility for civil commitment based on a prior conviction of a crime of violence is not tantamount to an enhanced penalty, a constitutional challenge to the prior conviction is inappropriate at the time eligibility is under consideration. The district court's refusal to countenance petitioner's challenge to his earlier criminal conviction was proper. We therefore deny the petition.